560

DARWIN HARTKE v. PIONEER ENGINEERING.

251 N. W. 2d 113.

February 10, 1977—No. 46529.

*Van Eps, Gilmore & Chantry* and *George R. Benton*, for relator.
*Abrams & Spector* and *Richard B. Abrams*, for respondent.

PER CURIAM.

Employer seeks review of a unanimous decision of the Workers' Compensation Board awarding the claimant employee compensation benefits. The issues on appeal are whether there is substantial evidence in the record as a whole to support the board's findings that the employee is temporarily and totally disabled and that his employment was a substantial cause of his disability. We affirm.

There was a conflict in the testimony on both the issue of the employee's disability and the issue of the cause of it. Expert witnesses called by the employee testified that he was totally disabled by advanced pulmonary emphysema and that his continuous on-the-job exposure to a chemical coolant and clouds of iron dust substantially aggravated his preexisting lung condition to cause the disability. Employer's experts testified that employee was not totally disabled and that his chain smoking, rather than his exposure to these materials, caused the deterioration of his condition.

Following the rule that it is the board's function to resolve conflicts in the evidence, we affirm.

Respondent is allowed $350 attorneys fees.

Affirmed.

OTIS, JUSTICE (dissenting).

This employee went on strike on April 14, 1973. He thereafter went on vacation, fractured a rib, and subsequently suffered a collapsed lung which required surgery. He has never attempted to return to work.

The employee testified he began smoking cigarettes at the age of 15 and continued to smoke an average of three-fourths of a pack a day for 40 years.

At the time he quit work, he was suffering from pulmonary emphysema. There is no claim the disease was work related. The employee complained that he had been exposed to a commercial coolant called Cim-Cool. However, an expert witness for the employer testified that it consisted only of borax and soap and that it was nontoxic. The employee's doctor testified that the employee's condition had been aggravated by iron dust as well as by the coolant, although he didn't know the component parts of the coolant. The employee further testified that smoke from the torch burners, iron dust, and haze from the welders aggravated his condition. The employee's doctor, however, also acknowledged that there was no way of knowing whether or not, without such irritants, the employee would have progressed to the same level of disability.

An occupational health engineer examined the plant and testified it was well ventilated and that any irritants in the air were within occupationally safe limits. In this state of the record, it seems clear to me there was no substantial evidence from which the Workers' Compensation Board could attribute the employee's total disability to anything more than his nonwork-related, progressive, degenerative pulmonary emphysema which was caused or aggravated by excessive smoking over a span of some 40 years.